IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs.  ) | Case No. CR-08-205-D |
| ) | |
| YAGHOUB KHORSAND-NIA, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR REVOCATION
OF DETENTION ORDER**

On August 22, 2008, the Court held a hearing, pursuant to 18 U.S.C. § 3142, as a result of the Motion for Revocation of Detention Order [Doc. No. 23] filed by the defendant on August 7, 2008. The government appeared through counsel, Assistant United States Attorney David Petermann; the defendant appeared personally and through counsel, Joseph L. Ruffin.

Upon the defendant's request pursuant to 18 U.S.C. §3145(b), the Court must conduct a *de novo* review of the detention order entered by United States Magistrate Judge Gary M. Purcell on July 18, 2008 [Doc. No. 17], and must make an independent determination of the proper pretrial detention or conditions for release. In so doing, the Court has reviewed the transcript of the detention hearing held on July 18, 2008, as well as the testimony presented at the August 22 hearing, and has considered the factual record, the pleadings, and the parties' written submissions and arguments.

To obtain the detention of the defendant, the government bears the burden to prove "that no condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Where, as here, a defendant is charged with committing an offense under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, for which the maximum term of imprisonment is ten years or more, a rebuttable presumption arises under 18 U.S.C. § 3142(e), that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community if the court finds probable cause to believe that the defendant committed the offense charged. If the presumption arises, the defendant bears the burden to produce some evidence to overcome it, and even where it is overcome, the presumption remains a factor in the detention decision. However, the burden of persuasion remains at all times with the government. *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). Pursuant to 18 U.S.C. § 3142(g), the following factors must be considered:

>   (1)  the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance . . . ;
>
>   (2)  the weight of the evidence against the person;
>
>   (3)  the history and characteristics of the person, including–
>
>>      (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>      (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial,

    sentencing, appeal, or completion of sentence for an offense under
    Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In connection with the application of the factors in 18 U.S.C. § 3142(g), the Court makes the following findings of fact:

1.  The defendant is a 56 year old legal resident of the United States; he has resided in the United States for over 30 years.

2.  The defendant is originally from Iran, and currently has family members in Iran as well as in the United States, specifically Oklahoma City, Oklahoma.

3.  The defendant derives income from a used car business located in Oklahoma City; it is unclear whether the defendant owns the business, but he does have access to its bank account which has a balance of approximately $10,000.00.

4.  The defendant also has personal and financial interests outside Oklahoma including California and Turkey. The investigation of the defendant has revealed that between 2006 and 2008 he made wire transfers outside of Oklahoma in an approximate total amount of $180,000.00, $90,000.00 of which was wired to Turkey.

5.  At the time of his arrest the defendant had $44,000.00 in a safe deposit box at a local bank.

6.  The defendant is facing charges of conspiracy to possess opium, with intent to distribute, as well as being a felon in possession of a firearm. As a result of these

charges the defendant is exposed to potential punishment which includes confinement in excess of twenty years.

7. As part of the alleged conspiracy, the defendant made deliveries of opium to contacts in Texas.

8. Distributable quantities of opium were seized at the defendant's residence, and the drugs were found in the same room as five rifles, which allegedly belong to the defendant.

9. The contraband and weapons seized from the defendant's residence, along with a statement made to investigators by the defendant in which he purportedly admits to many aspects of the alleged criminal conduct, establish that the evidence against the defendant is substantial. Further, the defendant's statements indicate that his drug distribution scheme had been ongoing for some time and involved several prior shipments of opium.

10. The defendant is an admitted user of opium, and is addicted to the drug.

11. At the time of his arrest in connection with the present charges, the defendant was subject to a $50,000.00 appearance bond regarding an immigration matter; the immigration matter is based on allegations that the defendant lied about his prior felony convictions when attempting to purchase a firearm.

12. The defendant has two prior felony convictions, one of which was a drug offense.

The foregoing findings establish that the defendant is accused of serious drug and weapons offenses, and the evidence against him is of substantial weight; the defendant has two prior felony

convictions, is addicted to opium, has significant ties outside the United States and presumably has ready access to considerable cash funds; at the time of his arrest he was on release in connection with an immigration matter and had posted a $50,000.00 bond; and the defendant, at the time of his arrest, was in possession of distribution-quantities of opium. These findings, tied to the factors set forth in 18 U.S.C. § 3142(g), support detention in this case.

The Court is in agreement with the findings and conclusions of Judge Purcell as set forth in the Order of Detention Pending Trial filed on July 18, 2008.[1]

Based upon the foregoing findings of fact, the Court concludes that the government has met its burden of proof, by a preponderance of the evidence, that the defendant poses a serious flight risk if released, and by clear and convincing evidence, that if released the defendant poses a serious risk of danger to the community. The Court further concludes that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

For the reasons set forth herein, the defendant's Motion for Revocation of Detention Order is denied, and the defendant shall continue to be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultations with counsel. On order of a court of

---

[1] The Court questions, however, Judge Purcell's conclusion that the evidence presented by the defendant is sufficient to rebut the presumption in favor of detention set forth in 18 U.S.C. § 3142(e) based on the nature of the offenses charged. However, as stated, the Court agrees with the Judge Purcell's ultimate conclusion that detention is required here.

the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 25th day of August, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE